## SETTLEMENT AGREEMENT

THIS Settlement Agreement (the "Agreement") is made and entered into this _____ day of December, 2017, by and between Plaintiff, Brittany R. Thomas ("Debtor" or "Plaintiff"), for herself and for her chapter 13 estate (the "Bankruptcy Estate"), and the Defendants, AT&T Corp. and DIRECTV, LLC ("Defendants") (individually, a "Party" and collectively, the "Parties").

## PROCEDURAL BACKGROUND

WHEREAS, on April 19, 2017 (the "Petition Date"), Brittany R. Thomas commenced her bankruptcy case by filing a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court in and for the Eastern District of Kentucky (the "Bankruptcy Court") in Bankruptcy Court Case No. 17-20527-tnw (the "Bankruptcy Case");

WHEREAS, on June 23, 2017, the Bankruptcy Court entered an Order Confirming Plan Filed on 4/26/2017.

WHEREAS, on November 17, 2017, the Plaintiff, pursuant to section 362(k) of the Bankruptcy Code, filed Adversary Proceeding No. 17-02024 against Defendants, AT&T Corp. and DIRECTV, LLC, alleging in the complaint (the "Complaint") that the Defendants had violated the 11 U.S.C. § 362 stay;

WHEREAS, to avoid the cost and risk associated with litigating this matter, the Plaintiff and the Defendants have engaged in good faith, arms-length settlement negotiations;

WHEREAS, the Plaintiff and the Defendants wish to minimize the uncertainty and cost of litigation and to settle and compromise the avoidance of the Plaintiff's claims set forth herein;

**NOW, THEREFORE,** the Parties, in consideration of the foregoing and the promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged by the Parties, agree and covenant as follows:

## THE AGREEMENT

1. **Payment of Settlement Funds.** Defendants shall pay to the Plaintiff the total sum of $25,000.00 (the "Settlement Amount"), which includes all amounts due and owing to Plaintiff's attorneys, the specific amount of which have been agreed upon between Plaintiff and Plaintiff's attorneys. The amount shall be paid as follows: Defendants shall cause to be delivered to Attorney, Matthew T. Sanning, a check paid to the order of "Brittany R. Thomas and Matthew T. Sanning" for the entire Settlement Amount upon approval of the Settlement Agreement by this Court. Said check shall be mailed by overnight carrier to the law offices of Matthew T. Sanning, 224 Main Street, Augusta, Kentucky 41002.

The Settlement Amount shall be delivered within seven (7) days of the date on which **both** of the following conditions have been met: (i) the entry of an order by the Bankruptcy Court approving this Agreement in a form acceptable to the Defendants and (ii) delivery to Defendants of two December 2014 IRS Forms W-9, which form is attached hereto as Exhibit "A," one completed by the Plaintiff and one completed by the Law Offices of Matthew T. Sanning. No later than two (2) days after the receipt of said Settlement Amount, Plaintiff shall file a Stipulated Order Dismissing Adversary Proceeding with Prejudice in the form attached hereto as Exhibit A. After delivery of the Settlement Amount, Defendants shall terminate any services provided to Plaintiff by Defendants or their affiliated or related companies, including but not limited to cellular, internet, home phone, television, and any other services, and Plaintiff shall (a) arrange for the return of all DIRECTV equipment by calling DIRECTV at 1-800-531-200 and (b) return one (1) Samsung SM-G935A device and one (1) Samsung GSM G920A device to any AT&T retail store. The equipment and devices must be physically return to Defendants no later than 14 days after payment of the Settlement Amount.

2. **Release by Plaintiff.** Upon the payment of the Settlement Amount and entry of a Bankruptcy Court order approving this Agreement in a form substantially similar to the form of order attached in Exhibit B, and as consideration for her receipt of the Settlement Amount, the Plaintiff, on behalf of herself and her Bankruptcy Estate, hereby releases, acquits, and forever discharges Defendants and their parent entities, related entities, affiliated entities, predecessor and successor entities, employees, attorneys, shareholders, directors, officers, subsidiaries, and assigns from and against any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities, whether known or unknown, at law or in equity, arising out of, or in any way relating to: the allegations contained within the Complaint; any account now or in the past held by Plaintiff for goods and/or services provided by Defendants; any bill or charge for goods and/or services by or from Defendants to Plaintiff through and including the date of this Agreement regardless of its source; and/or relating to any other allegation, demand, claim, or complaint, known and unknown, through and including the date of this Agreement, as well as from any activities related to the termination of services and related agreements. Notwithstanding the foregoing, nothing contained herein shall be deemed to release any obligations Defendants have under this Agreement.

3. **Release by Defendants.** Any proofs of claim filed by the Defendants in the Bankruptcy Case shall be deemed withdrawn and the Defendants waive and release the Plaintiff from any and all post-petition amounts owing in connection with services provided, and subject to the return of all equipment and devices as set forth in paragraph 1, all post-petition amounts due in connection with the use of equipment and devices.

4. **The Parties' Acknowledgements.** The Parties certify and acknowledge as follows:

    a. They have carefully read the terms of this Agreement and that they understand their terms and effects.

    b.    They have signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which they acknowledge is adequate and satisfactory to them.

    c.    They have been and are hereby advised in writing to consult with an attorney prior to signing this Agreement and have to the extent they desire discussed all aspects of this Agreement with an attorney and have signed this Agreement freely and voluntarily. The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

    d.    Each person signing this Agreement represents and warrants that he/she has the requisite authority to execute and deliver this Agreement, or, if signing on behalf of a Party, that such person has been duly authorized and has authority to bind the Party on whose behalf this Agreement is executed. The Debtor further acknowledges that the claims asserted in the Adversary Proceeding constitute property of the estate pursuant to Section 1306 of the Bankruptcy Code.

    e.    The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their attorneys, with regard to the subject matter, basis, or effect of this Agreement or otherwise, other than as specifically stated herein.

    f.    This Agreement supersedes all prior proposals, promises, agreements, understandings, and representations made by the Parties in connection with the settlement of the matters resolved and settled in this Agreement. This Agreement is contractual and not a mere recital, and it embodies the entire agreement and understanding between the Parties concerning the matters herein resolved and settled. This Agreement contains the entire agreement of the Parties as to the subject matter hereof. Any prior oral or written communications as to the subject matter hereof are of no force or effect and are expressly superseded hereby, including without limitation any settlement term sheets exchanged between the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties.

    g.    This Agreement may be executed in several counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument. Delivery of an executed counterpart of a signature page to this Agreement by facsimile transmission or electronic mail shall be effective as delivery of a manually executed counterpart thereof.

    h.    The Parties stipulate that Defendants have provided no tax advice in connection with the Parties' settlement and this Agreement and that Plaintiff and her attorneys bear all liability, if any, for any taxes assessed by any taxing authority in connection with the Settlement Sum paid by Defendants to Plaintiff and her attorneys pursuant to this Agreement.

i. This Agreement represents the settlement of disputed claims, and is not an admission of liability, wrongdoing or indebtedness by any Party. In fact and law, the Parties expressly deny any such liability or indebtedness.

j. The Parties understand and agree that each Party will bear its own respective attorneys' fees and costs involved with this Agreement, and the Adversary Proceeding except as specifically stated herein.

k. The headings of the Sections of this Agreement are included for convenience only and shall not be deemed to constitute part of this Agreement or to affect its construction or interpretation.

4. **Kentucky Law Governs.** This Agreement is made and entered into in the Commonwealth of Kentucky, and shall in all respects be interpreted, enforced and governed under the laws of Kentucky, without regard to conflict of laws principles. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

5. **Court Approval.** After full execution of this Agreement, the Plaintiff shall immediately file and serve (i) the motion pursuant to Federal Rule of Bankruptcy Procedure 9019 and proposed form of order (the "9019 Order") approving this Agreement attached hereto as Exhibit B and (ii) the motion to file the Agreement under seal attached hereto as Exhibit C.

6. **Disclosure of Agreement to Chapter 13 Trustee.** The Plaintiff shall provide a copy of this Agreement to the chapter 13 trustee for the Bankruptcy Case subject to the terms of any order granting the motion to seal referenced in paragraph 5.

7. **Confidentiality.** The Parties irrevocably covenant and agree to keep the terms of this Settlement Agreement strictly confidential. This duty shall extend to the Parties and on behalf of all successors, assigns, beneficiaries, heirs, executors, administrators and legal representatives and any other person or entity claiming by or through any of them. The Parties may disclose the terms of this Settlement Agreement to the parties' Consultants, provided that such consultants agree in writing to keep the terms of this Settlement Agreement strictly confidential pursuant to the terms hereof. As used herein, the term "Consultants" shall mean any attorney or accountant retained by any of the parties to furnish legal, tax or accounting advice or services. If any party or Consultant is served with any kind of legal or judicial process that might require disclosure of the terms of this Settlement Agreement, the party or Consultant so served will give prompt and timely notice of that fact to the other parties to this Settlement Agreement in order to allow the other parties an opportunity to intervene or otherwise respond to such process before any disclosure is made. This provision does not prevent any party from disclosing that the Lawsuit has been settled without disclosing the settlement terms other than the confidentiality requirement of this paragraph.

8. **Attorney's Fees.** In the event that it becomes necessary for any party to this agreement to file to enforce any rights or obligations arising out of this agreement, then, in addition to any other relief to which any party may be entitled, the prevailing party in that action may

recover reasonable attorney's fees and all costs of litigation. For the avoidance of doubt, this paragraph does not involve the payment of attorneys' fees for the underlying dispute which is being settled.

8. **Required Actions.** The Parties agree to execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the purpose and provisions of this Agreement, including, but not limited to, the entry of a Stipulated Order Dismissing Adversary Proceeding with Prejudice as referenced in paragraph 2 above.

Dated: _____          _____
                                Brittany R. Thomas

Dated: January 3, 2018          _____
                                AT&T Corp
                                Name: Ronald Lockwood
                                Title: AVP Credit and Collections

Dated: January 3, 2018          _____
                                DIRECTV, LLC
                                Name: Ronald Lockwood
                                Title: AVP Credit and Collections

ACTIVE 227380663

may recover reasonable attorney's fees and all costs of litigation. For the avoidance of doubt, this paragraph does not involve the payment of attorneys' fees for the underlying dispute which is being settled.

8. **Required Actions.** The Parties agree to execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the purpose and provisions of this Agreement, including, but not limited to, the entry of a Stipulated Order Dismissing Adversary Proceeding with Prejudice as referenced in paragraph 2 above.

Dated: 1-3-2018

*Brittany R. Thomas*
Brittany R. Thomas

Dated: _____

AT&T Corp
Name: _____
Title: _____

Dated: _____

DIRECTV, LLC
Name: _____
Title: _____

ACTIVE 227380663

recover reasonable attorney's fees and all costs of litigation. For the avoidance of doubt, this paragraph does not involve the payment of attorneys' fees for the underlying dispute which is being settled.

      8.    **Required Actions.** The Parties agree to execute and deliver all documents and perform all further acts that may be reasonably necessary to effectuate the purpose and provisions of this Agreement, including, but not limited to, the entry of a Stipulated Order Dismissing Adversary Proceeding with Prejudice as referenced in paragraph 2 above.

Dated: _____

                                                                                 Brittany R. Thomas

Dated: _____

                                                                                 AT&T Corp
                                                                                 Name: _____
                                                                                 Title: _____

Dated: _____

                                                                                 DIRECTV, LLC
                                                                                 Name: _____
                                                                                 Title: _____

ACTIVE 227380663